# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, <br><br> Plaintiff, <br><br> v. <br><br> BALLESTEROS, <br><br> Defendant. | Case No. 1:20-cv-00124-AWI-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO OBTAIN UNSIGNED COMPLAINT WITH ALL EXHIBITS <br> (ECF No. 8) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED <br> (ECF No. 2) <br><br> **FOURTEEN (14) DAY DEADLINE** |

**I.  Introduction**

Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 23, 2020. (ECF No. 1.) As the original complaint lacked the required signature, the Court ordered the original complaint stricken from the record and directed Plaintiff to file a signed complaint. (ECF No. 4.) Plaintiff filed a properly signed complaint on February 14, 2020. (ECF No. 6.)

Currently before the Court are Plaintiff's motion to obtain a copy of the unsigned complaint with all exhibits, (ECF No. 8), and motion for leave to proceed *in forma pauperis*, (ECF No. 2).

///

1

## II. Motion to Obtain Unsigned Complaint

In his motion, Plaintiff requests that this Court return the original complaint filed on January 23, 2020, so he may adequately submit the signed complaint with specific dates and facts and exhibits in support. (ECF No. 8.)

As noted above, Plaintiff has already submitted a properly signed complaint, which includes specific dates and facts. (ECF No. 6.) Plaintiff is also reminded that he need not attach exhibits to his complaint to prove the truth of what is said in the complaint, and for screening purposes, facts stated in complaints are accepted as true. (See ECF No. 3, p. 3.) In addition, when documents are submitted to the Court in paper, those documents are scanned into the electronic court file and then the paper copy is discarded. (ECF No. 3, p. 2.) Accordingly, Plaintiff should not send original copies to the Court, and it is Plaintiff's responsibility to maintain copies of all of his own filings and orders received from the Court.

Furthermore, Plaintiff is informed that generally, the Clerk of the Court will provide copies of documents at a cost of $0.50 per page. If Plaintiff needs copies from the Court, he may submit a check in the exact amount payable to "Clerk, USDC."

## III. Motion to Proceed *In Forma Pauperis*

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

///

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) Trujillo v. Sherman, Case No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015 for failure to state a claim), aff'd, Case No. 15-15952 (9th Cir. May 6, 2016); (2) Trujillo v. Ruiz, Case No. 1:14-cv-00975-SAB (E.D. Cal.) (dismissed on January 6, 2016 for failure to state a claim), aff'd, Case No. 16-15101 (9th Cir. December 15, 2017); and (3) Cruz v. Gomez, Case No. 1:15-cv-00859-EPG (E.D. Cal.) (dismissed on February 3, 2017 for failure to state a claim), aff'd, Case No. 17-15358 (9th Cir. October 25, 2017).

The Court also takes judicial notice of the following United States Court of Appeals case: Trujillo v. Gonzalez-Moran, Case No. 17-15200 (9th Cir.) (dismissed on August 21, 2017 as frivolous).

The Court has reviewed Plaintiff's signed complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff alleges that Defendant Ballesteros, a correctional officer at Kern Valley State Prison, arranged for Plaintiff to be assaulted when he was transferred to North Kern State Prison ("NKSP"), in retaliation for Plaintiff filing a grievance. Plaintiff alleges that he is under imminent danger of serious physical injury because Defendant Ballesteros conspired with prison officials at NKSP to have Plaintiff transferred to another institution where he would be assaulted. Plaintiff alleges that on June 27, 2019, after his transfer, he was "maliciously" and "sadistically" targeted with battery in retaliation for filing his grievance. (ECF No. 1.)

At the time this action was initiated, Plaintiff was housed at Pelican Bay State Prison. Although Plaintiff has been transferred to several different institutions since he initiated this action, the complaint includes only the most conclusory allegation that he is in imminent danger of serious physical injury, and includes no allegations that he was in such danger while he was housed at Pelican Bay State Prison. Therefore, Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

**IV.    Order and Recommendations**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to obtain the unsigned complaint with all exhibits, (ECF No. 8), is DENIED.

***

Furthermore, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis* (ECF No. 2) be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

///

---

[2]    The Court expresses no opinion on the merits of Plaintiff's claims.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 15, 2020**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE